IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Andrew Krueck | : | |
| | : | BANKRUPTCY NO. 19-15344 |
| Debtor | : | |
| | : | |
| | : | |

### APPLICATION OF ANDREW KRUECK, TO EMPLOYBERKSHIRE HATHAWAY AND PATRICK CURRAN AS REAL PROPERTY BROKER PURSUANT TO 11 U.S.C. § 327 AND FED.R.BANKR.P. 2014

Andrew Krueck, by and through their attorney Gary E. Thompson, hereby makes this application to employ Berkshire Hathaway/Patrick Curran. (the "Broker") as real property broker pursuant to 11 U.S.C. § 327 and Fed.R.Bankr.P. 2014 (the "Application"), and in support thereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

### BACKGROUND

4. On August 27, 2019 (the "Petition Date"), the Debtor filed for protection under Chapter 13 of the Bankruptcy Code.

5. The Debtor's estate owns the real property (the "Property") at 387 Century Oak Drive, Oxford, PA  19363.

6. The Debtor desires to employ the Broker to market and sell the Property.

7. The Broker will seek the following commission after, or at, consummation of the sale upon application to this Court in accordance with In Re Busy Beaver Building Centers, Inc., 19 F. 3d 833 (3~' Cir. 1994):

    (a)    If there is a co-broker, three percent (3%) of the total sale price, and

    (b)    If there is not a co-broker, six percent (6%) of the total sale price.

8. In the event of a co-broker arrangement, the commission will be split equally between the Broker and the co-broker. As co-broker arrangements are typical in connection to the sale of real property, the Debtor does not intend to file an application to employ the co-broker (if there is one) as a professional as the amount of commission paid for the services will not change.

9. The Debtor shall not be responsible for any costs or marketing expenses.

10. The Debtor has made a careful and diligent inquiry into the qualifications and competence of the Broker and is advised that the Broker has experience in all areas of marketing and selling real estate and is capable of providing the proper services to the Debtor in connection with this matter.

11. The Debtor believes, and therefore avers, that the employment of the Broker is necessary and in the best interest of the Debtor's estate. Broker does not hold any interest materially adverse to the Debtor's estate.

**RELIEF REQUESTED**

12. By this Application, the Debtor requests that the Court enter an order authorizing them to
employ the Broker to market and sell the Property pursuant to Fed.R.Bankr.P. 2014.

13. The Broker has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

14. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

    An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and... a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any

person employed in the office of the United States trustee.

      15. The Debtor contends that the Broker's employment is necessary and in the best interest of the Debtor's estate.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an order authorizing the employment of the Broker at such compensation as this Court allows and for such other and further relief as this Honorable Court deems just.

                Respectfully submitted,
                Carosella & Associates, P.C.

DATED: 11/21/19                BY:/s/Gary E. Thpmpson